LAWRENCE R. NASH, Corporation Counsel, Wood County
My powers are limited to interpretation and yet I have normal concern for statutory law that somehow may be incongruous to the pressures of our period. Unfortunately, our society is motivated by economics and few people respond without a prior affirmative reply to the question, "What's in it for me?"
This may be bad citizenship but often produces solutions to criminal problems. The measure of what it may take to turn a common informer into a concerned citizen unfortunately is often controlled by the reward. In this opinion the law does not permit us to let money talk.
You inquire whether Wood County may establish a fund for the purpose of providing rewards for information leading to the arrest and conviction of persons vandalizing county property. Criminal damage to property is punishable under sec. 943.01, Stats., either as a misdemeanor or a felony, depending on the extent and nature of the property destroyed.
Generally, specific statutory authority is necessary for governmental units or public offices to offer rewards for the arrest or conviction of persons violating the criminal law of the state. As indicated in 67 Am. Jur. 2d, Rewards, sec. 8. p. 7:
 "The authorities very generally agree that municipalities and other subdivisions of a state have no power to offer rewards for the apprehension of offenders against the criminal laws of the *Page 556 
state, unless a statute or charter provision confers such power, as is sometimes done. . . ."
And in 77 C.J.S., Rewards, sec. 11, p. 368:
 "In the absence of express authorization, it is generally held that municipal corporations are not empowered to offer rewards for the arrest or conviction of offenders against the criminal law of the state . . ."
The legislature has considered the matter of rewards on a number of occasions in the past and has enacted a number of statutes specifically authorizing various public bodies and officers to offer certain rewards under specific circumstances. Thus, sec. 14.15, Stats., authorizes the Governor to offer a reward of not to exceed $500 "whenever any person convicted of or charged with any felony escapes, or whenever any heinous crime has been committed," and secs. 61.75 and 62.26, Stats., authorize officials of villages and cities to offer a reward "when any heinous offense or crime has been committed against life or property within any city." In addition, sec. 86.192, Stats., authorizes a monetary payment to informers aiding in the prosecution and conviction of persons injuring, defacing or removing state or municipal signs, markers, signals, etc.
However, the only statute specifically authorizing the payment of rewards by county officials, is sec. 59.25 (2), Stats., which provides in part:
 "(2) Whenever a person convicted of, or charged with, any felony, the punishment for which is not less than five years' imprisonment, shall escape, or whenever any such felony shall be committed by any unknown person or persons the sheriff of the county from which such escape was made or in which such felony was committed may, in his discretion and with the consent of the chairman of the board of such county when such board is not in session, and with the consent of the board when they are in session, offer such reward for the apprehension and delivery of such escaped person, or the apprehension or conviction of the perpetrator of such felony as he may deem necessary, not exceeding one thousand dollars in any one case; . . ." *Page 557 
The need for specific authority for the offering of rewards by governmental units or public officers was emphasized in reference to this statute, in Northern Trust Co. v. Snyder (1902), 113 Wis. 516,540, 89 N.W. 460, where the following is stated:
 ". . . We have a statute (sec. 725a, Stats. 1898) authorizing the sheriff, with the consent of the county board, or, under certain circumstances, of the chairman thereof, to offer a reward for the apprehension or conviction of the perpetrator of a felony. Such power, manifestly, would not exist unless specially granted, and in the section referred to it will be seen with what care such grants of power are made. . . ."
While vandalism of county property may constitute a violation of sec. 943.01, Stats., punishment under that statute is not in excess of five years. Therefore, sec. 59.25 (2), Stats., provides no authority for the creation of the type of fund you describe. Likewise, while sec. 59.07 (64), Stats., provides that the county board may "enact ordinances to preserve the public peace and good order within the county," such statute is not so broad as to constitute authority for county officials to offer rewards for the arrest or conviction of persons violating the criminal law of the state.
VAM:JCM